**Lloyd Scott MAIER, Petitioner— Appellant,**

**v.**

**State of MONTANA, Respondent— Appellee.**

No. 01–35643.

D.C. No. CV–99–00081–RFC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Jan. 13, 2003.

Before B. FLETCHER, KLEINFELD and McKEOWN, Circuit Judges.

## MEMORANDUM*

Defendant–Appellant Lloyd S. Maier appeals the denial of his petition for habeas corpus, claiming four grounds of constitutional error. He asserts that the trial court erred by allowing improper hearsay testimony, by improperly immunizing a witness from committing perjury at the trial, by limiting cross-examination on prior convictions of the witness who Maier asserted had actually committed the charged crime, and by allowing the prosecution to vouch for that witness. As a threshold matter, Maier asserts that this court does not have jurisdiction to hear this appeal, because the Certificate of Appealability was issued by a magistrate judge rather than an Article III judge. We hold that we do have jurisdiction, and affirm the district court's denial of habeas relief.

On the matter of jurisdiction, Maier had originally agreed to a hearing before a magistrate judge, who eventually denied a certificate of appealability. That decision was appealed to this court, and we granted the certificate. As we have jurisdiction under our own certificate, the question of whether we have jurisdiction because of the magistrate judge's ruling is moot. *See Gatlin v. Madding,* 189 F.3d 882, 887 (9th Cir.1999), *cert. denied* 528 U.S. 1087, 120 S.Ct. 815, 145 L.Ed.2d 686 (2000) ("[O]nce a COA has been issued without objection by this Court, the procedural threshold for appellate jurisdiction has been passed and we need not revisit the validity of the certificate order to reach the merits.").

We affirm the district court's ruling on hearsay testimony. Hayworth's statements to the police were prior inconsistent statements and part of the *res gestae.*

Also, Maier retained the ability to cross-examine the witness in question.

On the claim related to immunization, it is clear from the context of the contemporaneous colloquy that the court intended to immunize witness Hayworth only from prosecution for untruthful statements made at his own trial, which had already been completed, in the event that statements made at Maier's trial contradicted them. Even if Hayworth did think that he was immunized from perjury while testifying at Maier's trial, the error was harmless. Not only did Hayworth not implicate Maier as the guilty party in this trial, but because of his many self-contradictions and claims of incapacity, he managed to render his testimony entirely useless to either side. We affirm the district court's refusal to find this to be constitutional error.

The district court correctly held that preventing the cross-examination of witness Burwell on his prior criminal record was error. However, given the overwhelming evidence presented against Maier and Maier's series of contradictory stories of the events related to the crime, we affirm the district court's ruling that this error was harmless.

▪ We reverse the district court's ruling that the prosecution's vouching was not constitutional error. The Supreme Court, in discussing vouching, *United States v. Young,* 470 U.S. 1, 12, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), admonished us to look "within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error." Here Maier was trying to deflect culpability onto Burwell. Referring to Burwell in his closing argument, the prosecutor stated "we don't offer cooperation agreements to peo-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ple that we think committed the actual crime" and that "the police made the determination at the time that they spoke to Mr. Burwell that, in fact, he was not an active participant." Among the factors we are to consider in determining whether there was vouching is "how much the vouching implies that the prosecutor has extra-record knowledge of or the capacity to monitor the witness's truthfulness," *United States v. Necoechea,* 986 F.2d 1273, 1278 (9th Cir.1993). The full range of evidence that led police to this determination—if, in fact, they made that determination—is not in the record before the jury. We find that these statements invited the jurors to substitute for their judgment the judgment of the police and prosecution as to Burwell's veracity. Obviously, Burwell's role in the crime was critical to Maier's defense.

While the state argues that the prosecutor's statement was an "invited response" to defense counsel's statements about Burwell, the *Young* Court notes that appellate "courts ought not to be put in the position of weighing which of two inappropriate arguments [prosecutor's or defense's] was the lesser." As in *Young,* if the prosecutor felt that defense counsel's prior remarks were inappropriate, it had the remedy at that time of objecting and seeking a curative instruction.

■ However, the *Young* Court also reminds us that errors in allowing vouching are still subject to harmless error analysis. 470 U.S. at 13 n. 10. In light of the overwhelming evidence against Maier and the tenuousness of Maier's case against Burwell, the vouching had scant likelihood of affecting the outcome of the trial. In this circumstance the vouching was also harmless.

All of the district court's holdings on the substantive claims, except for its finding no error regarding vouching, are affirmed.

That holding is reversed, but the vouching is found to be harmless error. As a consequence, the district court's denial of Maier's habeas petition is

AFFIRMED